UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
BRACHA TURNER,

               Plaintiff,

  - against -

DELTA AIR LINES, INC., and
COMAIR, INC.,

               Defendants.
------------------------------------------------------X

**MEMORANDUM
AND ORDER**

06 CV 1010 (NG)

On February 2, 2006, plaintiff Bracha Turner filed this action in Supreme Court, Queens County, seeking damages from defendants Delta Air Lines, Inc. and Comair, Inc. for physical injuries suffered during an incident that allegedly occurred on October 23, 2005. A Notice of Removal was filed by defendants on March 6, 2006. Pursuant to the Court's Order of February 2, 2007, defendants issued a subpoena to depose non-party witness Dr. Jodilyn Gingold, plaintiff's treating physician, regarding Dr. Gingold's treatment notes and observations of plaintiff's health and physical condition before and after the alleged incident. On March 19, 2007, the Court issued an Order ("March Order") directing defendants to provide a copy of the deposition transcript to Dr. Gingold so that she could make an application to the Court, if warranted, for a reasonable expert fee in compensation for her deposition testimony. (See March Order at 1, 2). Dr. Gingold now appeals to the Court for an expert fee in the amount of $3,500.00, to be paid by defendants. (See Dr.'s Aff'n at 3).[1]

---

[1] Citations to "Dr.'s Aff'n" refer to the affirmation of Dr. Gingold filed on January 8, 2008.

DISCUSSION

A. Standards

Witnesses are entitled to nominal statutory compensation for traveling to and attending depositions taken pursuant to Rule 26(b) of the Federal Rules of Civil Procedure. See 28 U.S.C. § 1821 (providing for ordinary witness rate of $40 per day); Fed. R. Civ. P. 26(b). However, Rule 26(b)(4)(C) provides that a party seeking discovery from an expert must pay the expert a "reasonable fee" for the expert's time spent in responding to the discovery request. Fed. R. Civ. P. 26(b)(4)(C). Rule 26(b)(4)(B) makes a distinction between trial witnesses and experts, who have been "retained or specially employed . . . in anticipation of litigation or preparation for trial," and who are not expected to be called as witnesses at trial. See North Shore Concrete & Assocs., Inc. v. City of New York, No. 94 CV 4017, 1996 WL 391597, at *3 (E.D.N.Y. July 10, 1996) (holding that author of a study to ensure compliance by municipal construction contract affirmative action program with requirements set by Supreme Court in City of Richmond v. J.A. Croson Co., 488 U.S. 469 (1989), was not an expert witness under Rule 26(b)(4) where he gave his opinion of constitutionality of program). Experts are those whose information was acquired in preparation for trial, and do not include actors or viewers with respect to transactions or occurrences that are part of the subject matter of the lawsuit; the latter should be treated as ordinary witnesses. Id.

The provision in Rule 26(b)(4)(C) for "reasonable compensation" for experts is not "automatically triggered" whenever a witness who may also be an expert in his or her field is asked to testify. See id., 1996 WL 391597, at *5; see also Hodge v. City of Long Beach, No. 02 CV 5851, 2006 WL 1211725, at *4 (E.D.N.Y. May 4, 2006). Rather, it is the substance of a

witness's testimony that determines whether the witness is entitled to an expert fee. Hodge v. City of Long Beach, 2006 WL 1211725, at *4. Indeed, "[i]f the treating physician's testimony is limited to pure observation, an explanation of treatment notes, etc., then the physician may properly be characterized as a fact witness and receive nothing more than the statutory witness fee." Id. (quoting Lamere v. New York State Office for the Aging, No. 03 CV 356, 2004 WL 1592669, at *2 (N.D.N.Y. July 14, 2004). Alternatively, if a treating physician is asked to render opinion testimony based on the physician's specialized skill and knowledge that falls within Federal Rule of Evidence 702, the treating physician may be entitled to an expert fee. See Lamere v. New York State Office for the Aging, 2004 WL 1592669, at *2; Fed. R. Evid. 702. However, if the witness testifies only to the opinions formed in providing plaintiff medical care, such opinions are considered an explanation of treatment notes and the physician may properly be characterized as a fact witness. See Hodge v. City of Long Beach, 2006 WL 1211725, at *4 (quoting DeRienzo v. Metro. Transit Auth. and Metro-North R.R., No. 01 CV 8138, 2004 WL 67479, at *6 (S.D.N.Y Jan. 14, 2004) (holding that "[t]o the extent that [physicians] . . . testify to the facts learned and opinions formed in providing [a] plaintiff's medical care . . ., they are not 'experts' under the auspices of Rule 26 and are therefore limited to the compensation scheme set forth in 28 U.S.C. § 1821")).

B. Application

In this case, Dr. Gingold argues that she is entitled to an expert fee because defendants elicited testimony from her at deposition that constituted expert opinion. (See Dr.'s Aff'n at 2). However, Dr. Gingold acknowledges that defendants' asserted purpose for the deposition was to

"go through the record and establish that [plaintiff] was being treated for some of these conditions prior to the date of the alleged accident." (See Tr. at 11, 34-35;[2] March Order at 1). This is because defendants believed that Dr. Gingold's records contradicted plaintiff's deposition testimony in which plaintiff denied having a number of pre-existing conditions. (Id.) Indeed, the testimony Dr. Gingold gave regarding her records was the type of testimony that would be characterized as fact witness testimony under the standard set forth in Hodge v. City of Long Beach, 2006 WL 1211725, at *4. Dr. Gingold's testimony was limited to an explanation of her treatment notes, see id., and did not venture into new opinion testimony based on her specialized skill and knowledge. See Lamere v. New York State Office for the Aging, 2004 WL 1592669, at *2.

Dr. Gingold contends that it was unnecessary for defendants to seek information regarding causation during the deposition, as opposed to simply establishing that plaintiff was treated for various medical conditions. (See Dr.'s Aff'n at 2-3; Tr. at 16, 27, 37, 39, 44, 46, 54). In one instance, Dr. Gingold argues that defendants' questions began to draw on her medical expertise in asking her about the cause of plaintiff's loss of balance. (See Dr.'s Aff'n at 2; Tr. at 16). However, defendants' comment to Dr. Gingold "[y]ou have a note to that effect there" in response to the doctor's answer "I think she was still depressed . . .," shows that Dr. Gingold's testimony was limited to an explanation of her treatment notes. (See Tr. at 16). See also Hodge v. City of Long Beach, 2006 WL 1211725, at *4. Similarly, Dr. Gingold's explanation of the meaning of the medical diagnosis of osteopenia, in relation to the results of a bone density test,

---

[2]Citations to "Tr." refer to the transcript of Dr. Gingold's deposition, taken May 11, 2007 and annexed to the affirmation of Dr. Gingold filed with the Court on January 8, 2008.

4

was limited to an explanation of her treatment of plaintiff. (See Dr.'s Aff'n at 2; Tr. at 17). See also Hodge v. City of Long Beach, 2006 WL 1211725, at *4.

A doctor's opinions on the issue of causation are relevant, indeed, necessary, to the treatment of the patient and therefore constitute an explanation of treatment. See id. Therefore, the Court finds that Dr. Gingold's responses regarding the causation of certain medical conditions, the treatment for which was properly the subject of the deposition, were limited to an explanation of her treatment notes, see Hodge v. City of Long Beach, 2006 WL 1211725, at *4, and did not constitute new opinion testimony based on her specialized skill and knowledge. See Lamere v. New York State Office for the Aging, 2004 WL 1592669, at *2.

Accordingly, the Court finds that Dr. Gingold's testimony at her deposition must properly be characterized as fact witness testimony and not that of an expert.

## CONCLUSION

For the reasons set forth above, the Court denies Dr. Gingold's application for a reasonable expert fee in compensation for her deposition testimony.

**SO ORDERED.**

Dated: Brooklyn, New York
January 25, 2008

Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York

5